NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1194

CYNTHIA WILSON

VERSUS

BUNKIE GENERAL HOSPITAL, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3162-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

AFFIRMED.

Randall L. Champagne
Watson, Blanche, Wilson & Posner
P. O. Drawer 2995
Baton Rouge, LA 70821
(225) 387-5511
Counsel for Defendants/Appellees:
    Bunkie General Hospital
    Linda Deville

**Donald R. Dobbins**
**Donald R. Dobbins & Associates, LLC**
**327 North Boulevard, Suite 103**
**Baton Rouge, LA 70801**
**(225) 387-6010**
**Counsel for Plaintiff/Appellant:**
  **Cynthia Wilson**

**DECUIR, Judge.**

Cynthia Wilson filed this suit for defamation against her employer, Bunkie General Hospital, and her supervisor, Linda Deville, after she was arrested, charged, and ultimately acquitted of theft. The trial court granted summary judgment in favor of the defendants, and Wilson has appealed. For the following reasons, we affirm.

The facts in the record before us show that Wilson was employed in the housekeeping department of the hospital and had possession of a key to a certain storage closet. On October 17, 2007, Wilson worked from 10:30 a.m. to 7:00 p.m., and at some point prior to 7:00 p.m., a shipment of linens was delivered and placed in the storage closet. The following morning, the linens were missing from the storage closet, and the Bunkie Police Department was called to investigate. The investigating officer interviewed numerous employees, including Wilson. Later that day, Wilson was asked by the officer to accompany him to the police station for further questioning. Wilson agreed, but once there, she refused to answer any questions.

Several weeks later, Wilson gave a statement to the police. On February 12, 2008, Wilson was arrested and charged with felony theft, which was later reduced to misdemeanor theft. A bench trial was held on August 21, 2008, and Wilson was acquitted of the theft charge based on, the defendants allege, a lack of evidence presented by the State. Wilson then filed this suit against her employer and supervisor alleging defamation. In granting summary judgment in favor of the defendants, the trial court provided the following analysis:

> It is quite clear that in order to maintain an action in defamation, a plaintiff must prove defamatory words; publication; falsity; malice, either actual or implied; and resulting injury. *Cangelosi v. Schwegmann Bros.*, 390 So.2d 196 [(La.1980)].

In the case at bar, Wilson is alleging that the defamatory words were spoken or written by Linda Deville in her execution of an Affidavit of probable cause completed at the request of the Bunkie Police Department. This Affidavit submits probable cause that Wilson committed an offense. This Affidavit was executed by Deville after an investigation by the Bunkie Police Department and it is well-settled Louisiana law that the employer has the right to investigate suspected wrong doing of its employees without, for that reason, becoming liable for defamation when others become aware of the investigation. *Toomer v. Breaux*, 146 So.2d 723 [(La. App. 3 Cir. 1962)].

As stated in *Cyprien v. Bd. of Supervisors*, [08-1067 (La. 1/21/09), 5 So.3d 862], even when a plaintiff makes a prima facie showing of the essential elemants of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. In the case at bar, statements made by an employer to law enforcement officials in the course of an investigation of criminal activity are privileged and provide no basis for a defamation action, even assuming the accuracy of a plaintiff's allegations. *Aranyosi v. Delchamps, Inc.*, [98-1325 (La.App. 1 Cir. 6/25/99)], 739 So.2d 911 [, *writ denied*, 99-2199 (La. 11/5/99), 750 So.2d 187;] *Toomer, supra.*

Bunkie General Hospital alleges that the execution of the Affidavit by Linda Deville was simply a result of the investigation by Bunkie Police Department and was an allegation that there was probable cause to have a magistrate issue a warrant for arrest.

The alleged defamatory words are set forth in an Affidavit executed by Detective Chad Jeansonne and Linda Deville on February 12, 2008 in the presence of this Judge.

The specific allegations are that Cynthia Wilson did on or about October 18, 2007 commit a Theft. Specifically, the Affidavit states that:

> ". . . In that on 10-18-07 Linda Deville of Bunkie General Hospital contacted the Bunkie Police Department and advised an unknown suspect or suspects [unlawfully] removed a large amount of linen [from a closet] located in the interior of the hospital. The Affiant explains the total amount of monetary loss incurred to the hospital is approximately $8,486.00. On October 18, 2007 a majority, but not all of the linen was returned to the hospital in a locked outer door where only employees with keys had access. On October 18, 2007, employee Crystal Mathews discovered the linen closet was empty and reported it to the complainant. Investigation reveals two employees were working in housekeeping during the time of the offense.

2

They are identified as Cynthia Wilson and Latoya Washington. During interviews, suspect Wilson denied working on the hall, thus having access to the linen closet. Investigation revealed that suspect Wilson did work on the floor and had access to the linen closet. Suspect Wilson unlawfully removed linen from the closet without consent and with the intent to permanently deprive."

This Affidavit was executed by two individuals - - Detective Chad Jeansonne and Linda Deville. This litigation was not instituted against Detective Jeansonne, it being instituted only against Linda Deville and Bunkie General Hospital. A specific review of the facts stated in the Affidavit simply reveals allegations made against Cynthia Wilson which justify probable cause for her arrest. These certainly are not defamatory words which are negligent per se. These are allegations made against Wilson after an investigation completed by the Bunkie Police Department. These are statements made to the Bunkie Police Department and to the Court to justify probable cause to charge Wilson with the offense. This type of Affidavit and statement certainly does not meet the criteria to constitute publication of defamatory words. The words were simply entered in a probable cause Affidavit and were accepted as same . . . .

In the case at hand, there is no question that the alleged publication made in connection with obtaining an arrest warrant was privileged. Statements made by an employer to law enforcement officials in the course of an investigation of criminal activity are privileged. Since the communication at hand falls under this privilege, there can be no publication, and therefore, the plaintiff's action for defamtion must fail.

On appeal of a summary judgment, an appellate court reviews the record *de novo* to determine whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Harrah's Bossier City Inv. Co., LLC v. Bridges*, 09-1916 (La. 5/11/10), 41 So.3d 438; *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-0023 (La. 6/26/09), 17 So.3d 350.

We have reviewed the record *de novo* and pertinent jurisprudence and conclude there is no error in the ruling of the trial court. Wilson was unable to provide evidence to support a claim for defamation in response to the defendants' motion for

3

summary judgment. As the trial court explained, Wilson offered insufficient evidence of publication, an essential element of a defamation claim.

Summary judgment in favor of the defendants is hereby affirmed. Costs of this appeal are assessed against the plaintiff, Cynthia Wilson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.